GREGORY L. WILDE, ESQ.  
Nevada Bar No. 4417  
**TIFFANY & BOSCO, P.A.**  
212 S. Jones Blvd.  
Las Vegas NV 89107  
Telephone: (702) 258-8200  
Facsimile: (702) 258-8787  
E-mail:  glw@tblaw.com  
Attorney for Defendant  
NATIONAL DEFAULT SERVICING CORPORATION

E-filed on September 28, 2011

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GARY DIAZ,<br><br>                    Plaintiff,<br>     v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION,<br><br>                    Defendant. | Case No.: 2:11-cv-01208-JCM-CWH |

**MOTION TO DISMISS**

COMES NOW Defendant NATIONAL DEFAULT SERVICING CORPORATION (hereinafter the "Defendant" or "NDSC") by and through its counsel of record, Gregory L. Wilde, Esq. of Tiffany & Bosco, P.A., and moves the above-captioned Court to dismiss all claims against NDSC in the frivolous Complaint of Plaintiff GARY DIAZ (hereinafter the "Plaintiff" or "DIAZ") with prejudice, pursuant to FRCP 12(b)(6), FRCP 8(a), and FRCP 9(b).

///

///

///

///

- 1 -

This Motion is made and based upon the papers and pleadings on file herein, the Memorandum of Points and Authorities, the attached documents, and any other additional information or oral argument as may be requested by the Court.

DATED this 28th day of September, 2011.

**TIFFANY & BOSCO, P.A.**

/s/ Kevin S. Soderstrom
_____
GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
KEVIN S. SODERSTROM, ESQ.
Nevada Bar No. 10235
212 S. Jones Blvd.
Las Vegas NV 89107
Attorney for Defendant
NATIONAL DEFAULT SERVICING CORPORATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**BACKGROUND**

**A.  THE SUBJECT PROPERTY**

This real property to which the instant lawsuit pertains has not even been identified in the Plaintiff's 57-page Complaint, which is largely a form complaint similar to certain other form complaints which are easily accessible on the internet. The subject property has also not been identified in any exhibit attached to the Plaintiff's Complaint.

**B.  PLAINTIFF'S CAUSES OF ACTION**

The Plaintiff has not set forth numbered causes of action in his baseless Complaint. However, the Plaintiff has included a "CAUSES OF ACTION" heading on p. 32 of his Complaint, which is followed by several other headings on the approximately 18 pages that follow. The Plaintiff begins by asserting certain 'causes of action' against non-party individuals

- 2 -

and entities on the first few pages, then includes a subheading of "FORECLOSING AGENT" on p. 36 of the Complaint. The Plaintiff identifies NDSC as the "Foreclosing Agent" earlier in his Complaint on p. 3. Beginning on p. 36 of the Complaint, the Plaintiff appears to assert the following as causes of action against NDSC:

- Fraudulent Concealment
- Conversion
- Equitable Estoppel
- Negligence/Negligence Per Se
- Unjust Enrichment of Defendant Through Actions of Servicer
- Breach of the Implied Covenant of Good Faith and Fair Dealing
- Intentional Infliction of Emotional Distress
- Fraud Sufficiently Plead
- Participatory and Vicarious Liability

## II.

## RELEVANT LAW

**A.   STANDARD OF REVIEW FOR MOTION TO DISMISS**

**1.   FRCP 12(b)(6)**

When a complaint or counterclaim fails to state a claim upon which relief can be granted by the court, the party against whom the claims have been brought may move the court to dismiss those claims. Rule 12(b) of the Federal Rules of Civil Procedure states, in relevant part:

> "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> …
> (6) failure to state a claim upon which relief can be granted;"

The United States Supreme Court recently offered valuable guidance with respect to motions to dismiss pursuant to FRCP 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), stating:

- 3 -

"Federal Rule of Civil Procedure 8(a)(2) requires only ' a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), **a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do**, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) **(on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'). Factual allegations must be enough to raise a right to relief above the speculative level**, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) **(' [T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),[FN3] on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact)**…" *Id.* at 555, 1964-65.

(Emphasis added.)

Furthermore, according to Moore's Federal Practice, (3d ed. 2006) Vol. 2 ¶ 12.34[4][a], [b]:

"Dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief… Dismissal under Rule 12(b)(6) may also be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint."

In *Marder v. Lopez*, 450 F.3d 445 (2006), the Ninth Circuit Court of Appeals stated:

"Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. *See Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1141 n. 5 (9th Cir.2003). **A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.** *See Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir.2002); *see also Warren,* 328 F.3d at 1141 n. 5, *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 n. 3 (2d Cir.2002). **The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'** *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir.2003)." *Id.* at 448.

(Emphasis added.)

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the United States Supreme Court recently stated:

> "**To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'** *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955." *Id.* at 1949.

(Emphasis added.)

The *Ashcroft* Court further stated:

> "**Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'** Fed. Rule Civ. Proc. 8(a)(2)." *Id.* at 1950.

(Emphasis added.)

Prior to the United States Supreme Court's decision in *Twombly*, it had been "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief", as first stated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, the *Twombly* Court stated:

> "The 'no set of facts' language has been questioned, criticized, and explained away long enough by courts and commentators, and is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Conley* described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Twombly* at 1959-60.

- 5 -

**2.     FRCP 8(a)**

Regarding the requirements of FRCP 8, the Supreme Court recently stated the following in *Ashcroft*:

> "As the Court held in *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, **the pleading standard Rule 8** announces does not require 'detailed factual allegations,' but it **demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.** *Id*., at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' *Id.,* at 557, 127 S.Ct. 1955.'…Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.,* at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation' (internal quotation marks omitted))." *Id*. at 1949-50.

(Emphasis added.)

**3.     FRCP 9(b)**

With respect to fraud-based causes of action, in *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (2003), the Ninth Circuit Court of Appeals stated:

> "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud 'be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.' ' *Bly-Magee,* 236 F.3d at 1019 (quoting *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir.1993)). **Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.** *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997) (internal quotation marks omitted). '**[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.**' *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir.1994)." *Id*. at 1106.

(Emphasis added.)

The *Vess* Court further stated:

- 6 -

> "**When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim.** We recognize that there is no explicit basis in the text of the federal rules for a dismissal of a complaint for failure to satisfy Rule 9(b), but it is established law in this and other circuits that such dismissals are appropriate. *See, e.g., Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir.2001) ('[T]he complete absence of particularity in Bly-Magee's first amended complaint fails to satisfy Rule 9(b). We therefore affirm the district court's dismissal ....' (citation omitted)); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1424 (3d Cir.1997) ( '[W]hile dismissal on Rule 12(b)(6) alone would not have been proper, the dismissal on Rule 9(b) grounds was.'); *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1021 (5th Cir.1996)…" *Id*. at 1107.

(Emphasis added.)

In *Swartz v. KPMG LLP*, 476 F.3d 756 (2007), the Ninth Circuit Court of Appeals stated:

> "**Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant** ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.' *Haskin v. R.J. Reynolds Tobacco Co.,* 995 F.Supp. 1437, 1439 (M.D.Fla.1998) (citation, quotation omitted)." Id. at 764-65.

(Emphasis added.)

Recently, the Ninth Circuit Court of Appeals in *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (Cal.,2009) stated:

> "**Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'** *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1405 (9th Cir.1996) (quoting *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir.1985)) (internal quotations omitted, brackets in original)." *Id*. at 1125.

(Emphasis added.)

///

- 7 -

B. **APPLICATION OF THE *ERIE* DOCTRINE**

In *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938), the Supreme Court of the United States stated:

> "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Id*. at 78, 822.

Although federal rules of civil procedure will apply, the substantive law of the state is to be followed in this matter except with respect to causes of action grounded in alleged violations of federal law.

## III.

## ARGUMENT

A. **THE PLAINTIFF HAS STATED NO VIABLE CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST NDSC**

   1. **Plaintiff's Factual Allegations**

Although the Plaintiff's form Complaint is largely filled with conclusory, non-factual allegations, most of which do not even pertain to NDSC, the Plaintiff has set forth certain relevant factual allegations, as follows:

- "Actor is, ORIGINAL LENDER, Wells Fargo Bank N.A…" Complaint, p. 4.
- "Actor is Wells Fargo Home Mortgage, Inc., hereinafter is referred to as 'SERVICER'. Complaint, p. 4.
- "It is undisputed that Diaz failed to make mortgage payments." Complaint, p. 15.
- "Diaz acknowledges that he borrowed money, signed a note and mortgage as well as dozens of other loan related documents and owes or owed some true party." Complaint, p. 15.
- "Diaz on December 15, 2010 made his last payment." Complaint, p. 15.

- 8 -

- "ORIGINAL LENDER, at closing on the contract for the sale of the property, which occurred on November 17, 2004…" Complaint, p. 16.
- "Diaz is behind on the mortgage…" Complaint, p. 18.
- "Diaz is behind on payments and has received a notice of default from the 'Foreclosing Agent'". Complaint, p. 18.
- "Diaz has received a Notice Of Trustee Sale scheduled for July 28, 2011." Complaint, p. 18.
- "Diaz made payments to SERVICER beginning with the first payment which occurred on December 1, 2004." Complaint, p. 51.

**2.  None of the Plaintiff's Causes of Action Have Been Pled With the Requisite Level of Particularity**

As set forth in much greater detail in section II. above, there is a minimum standard which must be met for pleading claims for relief.  To reiterate a portion of what has set forth above, to survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955." *Id*. at 1949.  Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.  *Id*. at 1950.

With respect to causes of action where fraud is alleged, the standard is even higher. Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the

- 9 -

alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. A plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. *Vess*. at 1106. As stated by the Ninth Circuit Court of Appeals in *Kearns*, one of the purposes of Rule 9(b)'s heightened standard is to prohibit plaintiffs from unilaterally imposing upon the courts, the parties, and society enormous social and economic costs absent some factual basis. *Id*. at 1125.

In the instant matter, the Plaintiff has failed to meet the requisite standard of pleading with respect to *any* of the causes of action against NDSC. The Plaintiff's failure is even greater with respect to those causes of action in which fraud is alleged.

The majority of the allegations made by the Plaintiff in his Complaint do not even pertain to NDSC. Rather, they pertain to those persons which were allegedly involved in the origination and closing of the Plaintiff's loan. For example, the Plaintiff has identified the following persons as the alleged "ACTORS":

- Wells Fargo Bank, N.A.
- Wells Fargo Home Mortgage, Inc.
- Unknown employees and agents of United Title of Nevada
- Unknown Closer
- Unknown Mortgage Broker
- Unknown Title Company
- Unknown Appraiser

- 10 -

- Unknown Inspector
- Unknown Underwriter. Complaint, pp. 3-5.

*Worth noting is the fact that NDSC is not even named as one of the alleged actors!* After specifying certain alleged actors, the Plaintiff then goes on to make numerous vague and conclusory allegations pertaining to those actors. The Plaintiff then alleges, without any explanation, that the liability of the alleged actors (which have not even been named as defendants in this action) somehow extends to NDSC, thereby making NDSC liable not for any wrongdoing of its own, but rather for the alleged liability of various other non-party individuals and entities, on the basis of non-factual, conclusory allegations against those individuals and entities. In taking that approach, the Plaintiff has fallen far short of stating any claim upon which relief can be granted against NDSC.

### 3. Other Deficiencies

There are numerous other reasons why the Plaintiff has failed to state any claim upon which relief can be granted against NDSC. The following points and authorities are not intended to be an exhaustive list but rather to point out in a concise manner just a few of the many additional deficiencies in the Plaintiff's claims.

#### a. Limitation Period for Fraud

Claims of fraud by the Plaintiff which relate to the origination or closing of the Plaintiff's loan are barred by NRS 11.190, which states, in relevant part:

> "**Periods of limitation.** Except as otherwise provided in NRS 125B.050 and 217.007, actions other than those for the recovery of real property, unless further limited by specific statute, may only be commenced as follows:
> …
>    3. Within 3 years:
> …
>    (d) Except as otherwise provided in NRS 112.230 and 166.170, **an action for relief on the ground of fraud** or mistake, but the cause of action in such a case

shall be deemed to accrue upon the discovery by the aggrieved party of the facts constituting the fraud or mistake." (Emphasis added.)

The Plaintiff alleges that his loan closed on November 17, 2004. Complaint, p. 16. Therefore, claims of fraud based on the loan origination or closing would have to have been brought no later than November 17, 2007. The Complaint, however, was not filed until July 26, 2011 – more than three and a half years after the expiration of the limitation period.

### b.   No Personal Property Identified to Support Conversion Claim

In *Boorman v. Nevada Mem'l Cremation Society*, 236 P.3d 4 (Nev. 2010), the Supreme Court of Nevada stated:

> "Conversion is defined as 'a distinct act of dominion wrongfully exerted over another's **personal property** in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights.' *Evans v. Dean Witter Reynolds, Inc.,* 116 Nev. 598, 606, 5 P.3d 1043, 1048 (2000) (internal quotations omitted). Thus, the essential question before us is whether a deceased human body or its parts is **'personal property'** in order to support a claim for conversion." *Id*. at 9-10.

(Emphasis added.)

Just as the Plaintiff has not even identified any particular real property in his Complaint, nowhere in the Plaintiff's Complaint does the Plaintiff identify any personal property that has been affected, nor does the Plaintiff specify the manner in which any personal property might be affected.

### c.   Equitable Estoppel is an Affirmative Defense, Not a Cause of Action

In *Idaho Resources, Inc. v. Freeport-McMoran Gold Co.*, 110 Nev. 459, 874 P.2d 742 (1994), the Supreme Court of Nevada stated that "Equitable estoppel is an affirmative defense and must be affirmatively pleaded. NRCP 8(c)." *Id.* At 461, 743.  Therefore, the doctrine of equitable estoppel is not a proper cause of action against NDSC.

///

///

- 12 -

### d. Non-judicial Foreclosure Activities Are Not Debt Collection

The Plaintiff also alleges at times, without any further detail, that NDSC (which is only alleged to have been involved in non-judicial foreclosure activities) attempted to collect a debt from the Plaintiff. However, it is well established that non-judicial foreclosures are not an attempt to collect a debt. *See e.g., Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010) (holding that recording a notice of default is not an attempt to collect a debt because the borrower already consented to allow the foreclosure trustee to record the notice upon default). To the extent the Plaintiff may be trying to construe non-judicial foreclosure activities as attempts to collect a debt, those allegations are wholly unsupported.

## IV.

## CONCLUSION

Based on the foregoing, NDSC requests that its Motion to Dismiss be granted and that the Plaintiff's Complaint be dismissed with prejudice in its entirety. NDSC also requests an award of its attorney's fees and costs.

DATED this 28th day of September, 2011.

**TIFFANY & BOSCO, P.A.**

/s/ Kevin S. Soderstrom
_____
GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
KEVIN S. SODERSTROM, ESQ.
Nevada Bar No. 10235
212 S. Jones Blvd.
Las Vegas NV 89107
Attorney for Defendant
NATIONAL DEFAULT SERVICING
CORPORATION

**TIFFANY & BOSCO, P.A.**
212 S. Jones Blvd.
Las Vegas, NV 89107
Tel 258-8200 Fax 258-8787

- 13 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September, 2011 I electronically transmitted the above MOTION TO DISMISS to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

I further certify that on this 28th day of September, 2011, I placed a copy of the above MOTION TO DISMISS into a sealed envelope and mailed it via regular mail, postage prepaid, addressed to:

> Gary Diaz
> 9313 Dorrell Lane
> Las Vegas, NV  89149
> Plaintiff in Proper Person

/s/ Amy McConnell
_____
An employee of Tiffany & Bosco, P.A.

**TIFFANY & BOSCO, P.A.**
212 S. Jones Blvd.
Las Vegas, NV 89107
Tel 258-8200 Fax 258-8787

- 14 -