1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| GARY DIAZ, | 2:11-CV-1208 JCM (CWH) |
| --- | --- |
| Plaintiff, | |
| v. | |
| NATIONAL DEFAULT SERVICING CORP., | |
| Defendant. | |

### ORDER

Presently before the court is defendant National Default Servicing Corporation's motion to dismiss complaint. (Doc. #6). Plaintiff Gary Diaz filed an opposition. (Doc. #9). Defendant did not file a reply.

The primary contention in defendant's motion to dismiss is that plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). (*See* Doc. #6). Specifically, defendant asserts that "[p]laintiff's form [c]omplaint is largely filled with conclusory, non-factual allegations." (Doc. #6). According to defendant, "none of plaintiff's causes of action have been pled with the requisite level of particularity." (Doc. #6).

### Legal Standard

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp.*

1  *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Further, "[i]n alleging fraud, a
2  party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P.
3  8(a)(2).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action
4  that "fail[] to state a claim upon which relief can be granted."

5        The court must "accept all factual allegations in the complaint as true."  *Tellabs, Inc. v.*
6  *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Further, the court must draw all reasonable
7  inferences in plaintiff's favor.  *Twombly*, 550 U.S. at 547.  However, "[t]o survive a motion to
8  dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is
9  plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).
10 Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a
11 sheer possibility that a defendant has acted unlawfully.  *Id*.  "Where a complaint pleads facts that are
12 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and
13 plausibility of entitlement to relief.'"  *Id*.

14       This court is required to construe the "inartful pleading[s]" of *pro se* litigants liberally.
15 *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  "It is settled law that the allegations of a
16 [*pro se* litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than
17 formal pleadings drafted by lawyers.'"  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v.*
18 *Kerner*, 404 U.S. 519, 520 (1972)).  The Ninth Circuit "continue[s] to construe *pro se* filings
19 liberally when evaluating them under *Iqbal*.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

20 **Discussion**

21       The court is inclined to agree with defendant that the complaint "is largely filled with
22 conclusory, non-factual allegations."  (Doc. #6).  The 57-page complaint fails to distinctly identify
23 the various causes of action alleged by plaintiff or clearly indicate the bases for this lawsuit.  (*See*
24 Doc. #1).

25       Nevertheless, this court is bound by the Supreme Court's admonition to treat *pro se* pleadings
26 liberally.  *See Hughes*, 449 U.S. at 9.  While plaintiff's *pro se* complaint might not have survived
27 a motion to dismiss had it been a "formal pleading[] drafted by lawyers," *id.*, the court finds that
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

there is sufficient well-pleaded factual matter "to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. As a *pro se* litigant, the court "affords [plaintiff] the benefit of any doubt." *Hebbe*, 627 F.3d at 342. The complaint sufficiently provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

At the end of its motion to dismiss, defendant makes several claim-specific allegations about the deficiency of plaintiff's pleadings. Defendant asserts: (1) the fraud allegations in the complaint are time-barred; (2) the complaint does not identify any personal property to support a conversion claim; (3) equitable estoppel is an affirmative defense, not a cause of action; and (4) non-judicial foreclosure activities are not debt collection. (Doc. #6).

While defendant's assertions may have merit, the court is not inclined to grant claim-specific motions to dismiss based on the parties' current briefs. Defendant's motion states that these additional allegations "are not intended to be an exhaustive list but rather to point out in a concise manner just a few of the many additional deficiencies in the [p]laintiff's claims." (Doc. #6). The "concise" treatment offered here is not sufficient to grant a motion to dismiss. Further, defendant's motion frames these claim-specific allegations as undermining the viability of the complaint as a whole, rather than arguing that these specific claims are not meritorious.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant National Default Servicing Corporation's motion to dismiss complaint (doc. #6) be, and the same hereby is, DENIED without prejudice.

DATED December 12, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -