# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GARY DIAZ,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL DEFAULT SERVICING CORP.,<br><br>    Defendant. | 2:11-CV-1208 JCM (CWH) |

## ORDER

Presently before the court is defendant National Default Servicing Corporation's renewed motion to dismiss. (Doc. # 13). Plaintiff has responded. (Doc. # 15). In plaintiff's response, he moved to dismiss for lack of prosecution, or in the alternative, to set the matter for a pretrial conference. Defendant replied. (Doc. # 16).

**I.    Motion to Dismiss**

Defendant's renewed motion to dismiss seeks dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Rule 41(b) states that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

FED. R. CIV. P. 41. At the time defendant filed it motion, plaintiff had not taken action in this proceeding for about six months. Plaintiff responded that he was waiting for court order to begin

**James C. Mahan**
**U.S. District Judge**

1  discovery.

2  Defendant argues that plaintiff has abandoned his case and that dismissal without prejudice
3  is consistent with Fed. R. Civ. P. 1. The court, however, finds that any delay in plaintiff's prosecution
4  of his case is attributable to his pro se status and unfamiliarity with litigation in federal court, rather
5  than an abandonment of the instant case. Further, it is more consistent with Rule 1 to permit plaintiff
6  to continue to pursue this case, rather than dismiss without prejudice.

7  Thus, the court finds any failure to prosecute excusable under the circumstances.

**II.    Leave to Amend & Discovery Request**

9  Plaintiff appears to be requesting leave to amend his complaint. Local Rule 15-1 states,
10 "[u]nless otherwise permitted by the Court, the moving party shall attach the proposed amended
11 pleading to any motion to amend, so that it will be complete in itself without reference to the
12 superseding pleading. An amended pleading shall include copies of all exhibits referred to in such
13 pleading."

14 Plaintiff failed to attached his proposed amended complaint to the instant motion.
15 Accordingly, the court denies his motion without prejudice and grants him thirty (30) days of this
16 order to submit a motion to amend in compliance with Local Rule 15-1.

17 Additionally, plaintiff requests that the court schedule a pre-trial conference to commence
18 discovery. However, Local Rule 26-1(d) states, "Counsel for plaintiff shall initiate the scheduling
19 of the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers or
20 otherwise appears." Accordingly, the burden is on plaintiff to schedule a discovery conference
21 meeting with defense counsel in order to prepare a proposed discovery plan and scheduling order.

22 Here, plaintiff should have initiated a Rule 26(f) conference by October 28, 2011, which is
23 thirty (30) days after the date defendant first appeared by filing the motion to dismiss (doc. #6).
24 Local Rule 26-1(d) also provides that "[f]ourteen (14) days after the mandatory Fed. R. Civ. P. 26(f)
25 conference, the parties shall submit a stipulated discovery plan and scheduling order." Therefore,
26 plaintiff shall initiate the Rule 26(f) conference within thirty (30) days of this order. Fourteen days
27 after that conference, the parties shall submit a stipulated discovery plan and scheduling order in

**James C. Mahan**
**U.S. District Judge**

compliance with the deadlines set forth in Local Rule 26-1(e), 26-3, and 26-4.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant National Default Servicing Corporation's renewed motion to dismiss (doc. # 13) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to dismiss (doc. # 15) be, and the same hereby is, DENIED.

DATED October 5, 2012.

*[signature: James C. Mahan]*
**UNITED STATES DISTRICT JUDGE**